**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT ALVARADO, JASON CASSAR, JESUS GUARDADO, ELIAS BONILLA, CARLOS FRANCA, VOLKAN TOLELI, TANIA SERPAS, ROMMEL GUTIERREZ and NICOLE HUEBNER<br><br>Plaintiffs,<br><br>v.<br><br>ALL ISLAND COUNTER TOPS & MILLWORK INC., STEVEN LIDONNICI, individually, and ANDREW SPINARIS, individually,<br><br>Defendants. | Civil Action No.   2:25-CV-174<br><br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants All Island Counter Tops & Millwork Inc. ("All Island"), Steven Lidonnici ("Lidonnici") and Andrew Spinaris ("Spinaris") (collectively "Defendants"), by and through their attorneys, White and Williams LLP, hereby Answers the Complaint by Robert Alvarado ("Alvarado'), Jason Cassar ("Cassar"), Jesus Guardado ("Guardado"), Elias Bonilla ("Bonilla"), Carlos Franca ("Franca"), Volkan Toleli ("Toleli"), Tania Serpas ("Serpas"), Rommel Gutierrez ("Gutierrez") and Nicole Huebner ("Huebner") (collectively "Plaintiffs") as follows:

## **NATURE OF THE ACTION**

1.      Defendants deny that Plaintiffs are entitled to relief for the claims referenced in Paragraph 1 of the complaint.

2.      Admit.

3.      Admit.

4.      Admit.

5.      Deny.

6.      Deny.

34571586v.1

7.    Deny.

8.    Deny.

9.    Deny.

10.    Deny.

11.    Deny.

12.    Deny, and refer all questions of law to the Court.

13.    Deny, and refer all questions of law to the Court.

14.    Deny, and refer all questions of law to the Court.

15.    Deny, and refer all questions of law to the Court.

16.    Deny, and refer all questions of law to the Court.

17.    Paragraph 17 of the Complaint is a statement of law to which a response is not required, and Defendants refer all questions of law to the Court.

18.    Deny, and refer all questions of law to the Court.

19.    Deny, and refer all questions of law to the Court.

20.    Deny.

21.    Deny, and refer all questions of law to the Court.

22.    Deny, and refer all questions of law to the Court.

23.    Defendants are without knowledge or information regarding if and when Plaintiffs sent Exh. A to the Complaint, as alleged in Paragraph 23 of the Complaint, and deny all allegations of wage and hour violations and retaliation.

24.    Defendants are without knowledge or information regarding communications between "Plaintiffs' counsel" and Enza Brandi, Esq., as alleged in Paragraph 24 of the Complaint, and deny all allegations of wage and hour violations and retaliation.

-2-

34571586v.1

25.    Defendants are without knowledge or information regarding communications between "Plaintiffs' counsel" and Enza Brandi, Esq., as alleged in Paragraph 25 of the Complaint, and deny all allegations of wage and hour violations and retaliation.

26.    Defendants are without knowledge or information regarding communications to Enza Brandi, Esq., as alleged in Paragraph 26 of the Complaint, and deny all allegations of wage and hour violations and retaliation.

27.    Defendants are without knowledge or information regarding communications between "Plaintiffs' counsel" and Enza Brandi, Esq., as alleged in Paragraph 27 of the Complaint, and deny all allegations of wage and hour violations and retaliation.

28.    Defendants are without knowledge or information regarding communications between "Plaintiffs' counsel" and Enza Brandi, Esq., as alleged in Paragraph 28 of the Complaint, and deny all allegations of wage and hour violations and retaliation.

29.    Defendants are without knowledge or information regarding communications between "Plaintiffs' counsel" and Enza Brandi, Esq., as alleged in Paragraph 29 of the Complaint, and deny all allegations of wage and hour violations and retaliation.

30.    Defendants are without knowledge or information regarding communications between "Plaintiffs' counsel" and Lisa Casa Esq., as alleged in Paragraph 30 of the Complaint, and deny all allegations of wage and hour violations and retaliation.

31.    Defendants are without knowledge or information regarding communications between "Plaintiffs' counsel" and Lisa Casa Esq., as alleged in Paragraph 31 of the Complaint, and deny all allegations of wage and hour violations and retaliation.

32.    Defendants are without knowledge or information regarding communications between "Plaintiffs' counsel" and Lisa Casa Esq., as alleged in Paragraph 32 of the Complaint,

34571586v.1

and deny all allegations of wage and hour violations and retaliation.

33.    Defendants are without knowledge or information regarding communications between "Plaintiffs' counsel" and Lisa Casa Esq., as alleged in Paragraph 33 of the Complaint, and deny all allegations of wage and hour violations and retaliation.

34.    Defendants are without knowledge or information regarding communications between Lisa Casa Esq. and Enza Brandi, Esq., as alleged in Paragraph 34 of the Complaint, and deny all allegations of wage and hour violations and retaliation.

35.    Defendants are without knowledge or information regarding communications between "Plaintiffs' counsel" and Lisa Casa Esq., as alleged in Paragraph 35 of the Complaint, and deny all allegations of wage and hour violations and retaliation.

36.    Deny.

37.    Defendants are without knowledge or information regarding communications between the Plaintiffs and their counsel, as alleged in Paragraph 37 of the Complaint, and deny all allegations of wage and hour violations and retaliation.

38.    Admit that Defendants filed a complaint against some of the Plaintiffs, but deny that said complaint was "frivolous" as alleged in Paragraph 38 of the Complaint.

39.    Admit that Defendants filed a complaint against some of the Plaintiffs, and said complaint speaks for itself.

40.    Deny.

41.    Deny.

42.    Deny.

34571586v.1

## THE PARTIES

### Plaintiffs

### Robert Alvarado

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the complaint.

44. Admit.

45. The allegation set forth in paragraph 45 of the complaint call for a legal conclusion to which no response is required.

46. Defendants admit that a written consent form for Plaintiff Alvarado is attached to the Complaint.

### Jason Cassar

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the complaint.

48. Admit.

49. The allegation set forth in paragraph 49 of the complaint call for a legal conclusion to which no response is required.

50. Defendants admit that a written consent form for Plaintiff Cassar is attached to the Complaint.

### Jesus Guardado

51. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the complaint.

52. Admit.

53. The allegation set forth in paragraph 53 of the complaint call for a legal conclusion

34571586v.1

to which no response is required.

54.    Defendants admit that a written consent form for Plaintiff Guardado is attached to the Complaint.

**Elias Bonilla**

55.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the complaint.

56.    Admit.

57.    The allegation set forth in paragraph 57 of the complaint call for a legal conclusion to which no response is required.

58.    Defendants admit that a written consent form for Plaintiff Bonilla is attached to the Complaint.

**Carlos Franca**

59.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the complaint.

60.    Admit.

61.    The allegation set forth in paragraph 61 of the complaint call for a legal conclusion to which no response is required.

62.    Defendants admit that a written consent form for Plaintiff Franca is attached to the Complaint.

**Volkan Toleli**

63.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the complaint.

64.    Admit.

-6-

34571586v.1

65.    The allegation set forth in paragraph 65 of the complaint call for a legal conclusion to which no response is required.

66.    Defendants admit that a written consent form for Plaintiff Toleli is attached to the Complaint.

**Tania Serpas**

67.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the complaint.

68.    Admit.

69.    The allegation set forth in paragraph 69 of the complaint call for a legal conclusion to which no response is required.

70.    Defendants admit that a written consent form for Plaintiff Serpas is attached to the Complaint.

**Rommel Gutierrez**

71.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the complaint.

72.    Admit.

73.    Admit that Gutierrez worked in the shop, as a shop foreman, an installer, with templates, as a stone cutter, and deny all remaining allegations set forth in paragraph 73 of the complaint.

74.    The allegation set forth in paragraph 74 of the complaint call for a legal conclusion to which no response is required.

75.    Defendants admit that a written consent form for Plaintiff Gutierrez is attached to the Complaint.

34571586v.1

**Nicole Huebner**

76.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the complaint.

77.     Admit.

78.     The allegation set forth in paragraph 78 of the complaint call for a legal conclusion to which no response is required.

79.     Defendants admit that a written consent form for Plaintiff Huebner is attached to the Complaint.

**<u>Defendants</u>**

80.     Deny as stated. Defendants admit only that Plaintiffs are former employees of All Island. The remaining allegations except as specifically admitted, are hereby denied.

81.     Deny. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, they are denied.

82.     Deny. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, they are denied.

83.     Deny. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, they are denied.

84.     Deny as stated. Defendant admits only that it applied the same employment policies, practices and procedures to all of its employees. By way of further response, except as specifically admitted, Defendants deny the remaining allegations in Paragraph 84.

34571586v.1

85.    Deny. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, they are denied.

86.    Deny. This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, they are denied.

**All Island Counter Tops & Millwork Inc.**

87.    Admit.

88.    This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, they are denied.

89.    Deny as stated. Defendants admit that All Island employed and paid the plaintiffs and deny the remaining allegations in Paragraph 89.

90.    Deny as stated. Defendants admit only that All Island applied the same employment policies, practices and procedures to all of its employees. By way of further response, except as specifically admitted, Defendants deny the remaining allegations in Paragraph 90.

91.    Admit.

92.    Admit that Defendants had more than two employees. The remaining allegations contained in Paragraph 92 of the complaint contain conclusions of law to which no responsive pleading is required, and to the extent they do they are denied.

**Steven Lidonnici**

93.    Admit.

94.    Admit.

95.    Admit.

96.    Admit.

97.    Deny.

-9-

98.    Deny.

99.    Admit that Lidonnici paid some of the plaintiffs, and deny remaining allegations contained in Paragraph 99 of the complaint.

100.    Admit.

101.    Admit.

102.    Admit.

103.    Admit.

104.    Admit, but deny the existence of any "illegal pay practices that harmed Plaintiffs" as alleged in Paragraph 104 of the complaint.

105.    Deny.

106.    Deny.

107.    Admit.

108.    Deny.

109.    The allegations contained in Paragraph 109 of the complaint contain conclusions of law to which no responsive pleading is required, and to the extent they do they are denied.

**Andrew Spinaris**

110.    Admit.

111.    Admit.

112.    Admit.

113.    Admit.

114.    Deny.

115.    Admit.

116.    Admit.

-10-

117.    Admit.

118.    Admit.

119.    Admit.

120.    Admit, but deny the existence of any "illegal pay practices that harmed Plaintiffs" as alleged in Paragraph 120 of the complaint.

121.    Deny.

122.    Deny.

123.    Admit.

124.    Deny.

125.    The allegations contained in Paragraph 125 of the complaint contain conclusions of law to which no responsive pleading is required, and to the extent they do they are denied.

## JURISDICTION AND VENUE

126.    This Paragraph contains conclusions of law to which no responsive pleading is required.

127.    This Paragraph contains conclusions of law to which no responsive pleading is required.

128.    This Paragraph contains conclusions of law to which no responsive pleading is required.

## PLAINTIFFS' FACTUAL ALLEGATIONS

129.    Deny.

**Robert Alvarado**

130.    Deny.

131.    Deny.

-11-

34571586v.1

132.    Deny as stated.

133.    Deny.

134.    Deny.

135.    Deny.

136.    Deny.

137.    Deny.

138.    Deny.

139.    Deny.

**Tania Serpas**

140.    Deny.

141.    Deny.

142.    Deny as stated.

143.    Deny.

144.    Deny.

145.    Deny.

146.    Deny.

147.    Deny.

148.    Deny.

149.    Deny.

**Jason Cassar**

150.    Deny.

151.    Deny.

152.    Deny as stated.

-12-

34571586v.1

153.    Deny.

154.    Deny.

155.    Deny.

156.    Deny.

157.    Deny.

158.    Deny.

159.    Deny.

**Elias Bonilla**

160.    Deny.

161.    Deny.

162.    Deny as stated.

163.    Deny.

164.    Deny.

165.    Deny.

166.    Deny.

**Jesus Guardado**

167.    Deny.

168.    Deny.

169.    Deny as stated.

170.    Deny.

171.    Deny.

172.    Deny.

173.    Deny.

-13-

174.    Deny.

175.    Deny.

176.    Deny.

**Carlos Franca**

177.    Deny.

178.    Deny.

179.    Deny as stated.

180.    Deny.

181.    Deny.

182.    Deny.

183.    Deny.

184.    Deny.

185.    Deny.

186.    Deny.

**Volkan Toleli**

187.    Deny.

188.    Deny.

189.    Deny as stated.

190.    Deny.

191.    Deny.

192.    Deny.

193.    Deny.

-14-

34571586v.1

**Rommel Gutierrez**

194. Deny.

195. Deny.

196. Deny as stated.

197. Deny.

198. Deny.

199. Deny.

200. Deny.

201. Deny.

202. Deny.

203. Deny.

**Nicole Huebner**

204. Deny.

205. Deny.

206. Deny as stated.

207. Deny.

208. Deny.

209. Deny.

210. Deny.

211. Deny.

212. Deny.

213. Deny.

-15-

34571586v.1

## AS AND FOR DEFENDANTS' RESPONSE TO THE FIRST CAUSE OF ACTION
### Fair Labor Standards Act - Overtime Wages
### (Brought on behalf of Plaintiffs)

214.   Defendants repeat and re-allege each and every denial of the allegations set forth above as if more fully and completely set forth herein.

215.   This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, they are denied.

216.   This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, they are denied.

217.   This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, they are denied.

218.   Deny.

219.   Deny.

220.   Deny.

## AS AND FOR DEFENDANTS' RESPONSE TO THE SECOND CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (Brought on behalf of Plaintiffs)

221.   Defendants repeat and re-allege each and every denial of the allegations set forth above as if more fully and completely set forth herein.

222.   This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, they are denied.

223.   This Paragraph contains conclusions of law to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, they are denied.

224.   Deny.

225.   Deny.

34571586v.1

226.    Deny.

## AS AND FOR DEFENDANTS' RESPONSE TO THE THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Time of Hire Notice
### (Brought on behalf of Plaintiffs)

227.    Defendants repeat and re-allege each and every denial of the allegations set forth above as if more fully and completely set forth herein.

228.    Deny.

229.    Deny.

## AS AND FOR DEFENDANTS' RESPONSE TO THE FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiffs

230.    Defendants repeat and re-allege each and every denial of the allegations set forth above as if more fully and completely set forth herein.

231.    Deny.

232.    Deny.

## AS AND FOR DEFENDANTS' RESPONSE TO THE FIFTH CAUSE OF ACTION
### Fair Labor Standards Act – Retaliation
### (Brought on behalf of Plaintiffs Alvarado, Cassar, Guardado, Villafranca, Serpas, Gutierrez and Huebner, individually)

233.    Defendants repeat and re-allege each and every denial of the allegations set forth above as if more fully and completely set forth herein.

234.    Deny.

235.    Deny.

236.    Deny.

237.    Deny.

238.    Deny.

34571586v.1

**AS AND FOR DEFENDANTS' RESPONSE TO THE SIXTH CAUSE OF ACTION**
**New York Labor Law – Retaliation**
**(Brought on behalf of Plaintiffs Alvarado, Cassar, Guardado, Villafranca, Serpas, Gutierrez and Huebner, individually)**

239.    Defendants repeat and re-allege each and every denial of the allegations set forth above as if more fully and completely set forth herein.

240.    Deny.

241.    Deny.

242.    Deny.

243.    Deny.

244.    Deny.

## AND AS FOR A FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted, cognizable in equity or law, against the Defendants, and must therefore be dismissed.

## AND AS FOR A SECOND AFFIRMATIVE DEFENSE

Defendants at all times acted in good faith and with reasonable grounds for believing that they had not violated New York and/or federal law or any other applicable law, rule or regulation.

## AND AS FOR THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims as set forth in the Complaint, are barred, in whole or in part, under the doctrines of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.

## AND AS FOR FOURTH AFFIRMATIVE DEFENSE

Defendants have no knowledge of, nor should Defendants have had knowledge of, any alleged uncompensated work by the Plaintiffs and Defendants did not authorize, require, request, suffer, or permit such activity by the Plaintiffs.

-18-

34571586v.1

## AND AS FOR FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action thereof, is barred – or the damages flowing there from reduced – because Plaintiffs failed to notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendants from taking any action to remedy such alleged violations.

## AND AS FOR SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims as set forth in the Complaint, are barred, or limited, by the applicable statutes of limitations.

## AND AS FOR SEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any damages or losses, such damages or losses were caused in whole or in part by Plaintiffs' own acts, omissions or conduct.

## AND AS FOR EIGHTH AFFIRMATIVE DEFENSE

Defendants are not liable for any damages, including liquidated or punitive damages.

## AND AS FOR NINTH AFFIRMATIVE DEFENSE

Any damages that Plaintiffs allege in the Complaint that they could recover must be eliminated or reduced by their failure to mitigate damages.

## AND AS FOR TENTH AFFIRMATIVE DEFENSE

None of Defendants' actions were malicious or were committed with reckless indifference to the protected rights of any employees.

## AND AS FOR ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are barred or limited under the after-acquired evidence doctrine.

34571586v.1

## AND AS FOR TWELFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which attorney's fees or costs can be awarded.

## AND AS FOR THIRTEENTH AFFIRMATIVE DEFENSE

The claims in the Complaint, are barred, in whole or in part, by Plaintiffs' failure to timely exhaust statutory and administrative remedies.

## AND AS FOR FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' punitive damages claims are barred because Defendants at no time engaged in retaliatory practices or actions with malice or with reckless disregard for Plaintiffs' or other employees' statutory rights.

Defendants expressly reserve the right to amend this Answer and to assert additional affirmative defenses, and to supplement, alter or change this Answer and Affirmative Defenses upon revelation of more definitive facts by Plaintiffs and/or upon Defendants' undertaking of discovery and investigation of this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent such affirmative defenses are applicable, is hereby reserved.

**WHEREFORE**, Defendant respectfully requests that the Court:

a.  Dismiss the Complaint in its entirety with prejudice;

b.  Deny each and every demand, claim and prayer for relief contained in the Complaint;

c.  Award Defendant reimbursement for its costs and including reasonable attorneys' fees incurred in defending this action; and

d.  Grant such other and further relief as the Court may deem just and proper.

-20-

34571586v.1

-21-

Dated: February 24, 2025

WHITE AND WILLIAMS LLP

By: _____

Scott H. Casher, Esq.
Marlena K. Ellis, Esq. *(pro hac vice application forthcoming)*
White and Williams LLP
810 Seventh Avenue, Suite 500
New York, NY 10019
(475) 977-8300
cashers@whiteandwilliams.com
ellism@whiteandwilliams.com

*Attorneys for Defendants All Island Counter Tops & Millwork Inc. Steven Lidonnici and Andrew Spinaris*

-21-

34571586v.1